IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 20-04886 |
| Aldo Mandile, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | Courtroom 613 |

## **NOTICE OF MOTION**

To:   Attached service list

PLEASE TAKE NOTICE that on August 27, 2020, at 9:30 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present the *Motion for Entry of an Order, pursuant to 11 U.S.C. §§ 361, 507(b), 554 and 725 and Fed. R. Bankr. P. 6007 Compelling Payment of Adequate Protection Relating to 3201 South Normal, Chicago, Illinois (the "Property") and Compelling Abandonment or Disposition of the Property,* a copy of which is attached.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

R.V.M. LLC,

By: /s/ Paul M. Bauch
One of Its attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
LAKELAW
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel.: (312) 588-5000
Fax: (312) 427-5709
pbauch@lakelaw.com

## CERTIFICATE OF SERVICE

I, Paul M. Bauch, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on August 7, 2020 at 4:36 PM

/s/ Paul M. Bauch

## SERVICE LIST

**Via CM/ECF to:**

J Kevin Benjamin, Esq. on behalf of Debtor 1 Aldo Mandile
attorneys@benjaminlaw.com,
firmecf@gmail.com;benjaminlegalservicesllp@jubileebk.net;benjamin@ecf.courtdrive.com;r54940@notify.bestcase.com;benjaminkr54940@notify.bestcase.com

Theresa S. Benjamin, Esq. on behalf of Debtor 1 Aldo Mandile
theresa@benjaminlaw.com,
firmecf@gmail.com;jkb@benjaminlaw.com;g5094@notify.cincompass.com;r54940@notify.bestcase.com

Ariane Holtschlag on behalf of Trustee Deborah Kanner Ebner
aholtschlag@wfactorlaw.com,
bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;holtschlagar43923@notify.bestcase.com

Deborah Kanner Ebner
dkebner@debnertrustee.com,
dke@trustesolutions.net,IL53@ecfcbis.com;webmaster@debnertrustee.com;lizd@deborahebnerlaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

**Via United States First Class Mail:**

| | | |
|---|---|---|
| Aldo Mandile<br>3225 S. Parnell Ave., 1st Floor<br>Chicago, IL 60616-3515 | Ally Bank<br>PO Box 130424<br>Roseville, MN 55113-0004 | Blanca Vargas<br>465 W 32nd St<br>2nd Floor Rear Building<br>Chicago IL 60616-3531 |
| Carmelo Mandile<br>3225 S. Parnell Ave<br>Chicago IL 60616-3515 | Carmine Mandile<br>2690 S. Benton<br>Palatine, IL 60067-7543 | Chex Systems, Inc.<br>7805 Hudson Rd., Suite 100<br>Saint Paul, MN 55125-1703 |
| City of Chicago<br>Dept of Finance-Water Division<br>PO Box 6330<br>Chicago, IL 60680-6330 | Chicago Community Bank<br>c/o Martin & Karcazes, Ltd<br>161 N. Clark St., Suite 550<br>Chicago, IL 60601-3206 | City of Chicago<br>Department of Revenue<br>PO Box 88292<br>Chicago, IL 60680-1292 |
| City of Chicago<br>Department of Revenue<br>c/o Arnold Scott Harris, P.C.<br>222 Merchandise Mart Plaza,<br>S-1932<br>Chicago, IL 60654-1103 | City of Chicago<br>Department of Finance<br>c/o Arnold Scott Harris<br>111 W. Jackson., Ste. 600<br>Chicago, IL 60604-3517 | City of Chicago<br>Department of Law-Bankruptcy<br>121 N La Salle St., Suite 400<br>Chicago, Illinois - IL 60602-1264 |
| Cook County Assessor's Office<br>118 North Clark Street<br>Third Floor, Room 320<br>Chicago, IL 60602-1309 | ComEd Company<br>Attn: Claims Dept<br>3 Lincoln Center<br>Oak Brook, IL 60181-4204 | Commonwealth Edison Company<br>Bankruptcy Department<br>1919 Swift Drive<br>Oak Brook, IL 60523-1502 |
| David DeCelles<br>Assistant United States Attorney<br>219 S. Dearborn Street<br>Chicago, IL 60604-1702 | Cook County Treasurer's Office<br>118 N Clark Street<br>Room 112<br>Chicago, IL 60602-1590 | Cyrus Law Group, PC.<br>943 Chicago Avenue<br>Evanston, IL 60202-1818 |
| First Base, Inc.<br>c/o James M. Burns, Reg. Agent<br>1019 S. LaGrange Road<br>La Grange, IL 60525-2846 | Devon Bank<br>6445 N Western<br>Chicago IL 60645-5494 | First Base, Inc<br>Attn: Aldo Mandile<br>3201 South Normal Ave<br>1st Floor Front Building<br>Chicago IL 60616-3511 |

3

Harris & Harris, Ltd
222 Merchandise Mart Plaza
Suite 1900
Chicago IL 60654-1421

Illinois Department of Transportation
Division of Traffic Safety.
PO Box 19211
Springfield, IL 62794-9211

John Reed
465 West 32nd St
1st Floor Rear Building
Chicago IL 60616-3531

Liquor Control Commission of the State of Illinois
100 W. Randolph St., Suite 7-801
Chicago, IL 60601-3290

Maria Mandile
3225 S. Parnell Avenue
Chicago, IL 60616-3515

Peoples Gas Light & Coke Company
Attn: Bankruptcy Department
200 East Randolph Street
Chicago, IL 60601-6433

Michael J. Kelly
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604-1702

State of Illinois Attorney General
c/o Kwame Raoul
100 W. Randolph St., 5th Floor
Chicago, IL 60601-3218

Secretary of State
Safety & Financial Resp Section
2701 S. Dirksen Parkway
Springfield, IL 62723-1000

The Burdelik Law Group
166 W. Washington
Suite 200
Chicago, IL 60602-2391

Stephanie Osinski
3201 S. Normal Ave
2nd Floor Front Building
Chicago IL 60616-3511

Secretary of State
Traffic Violations Section
2701 S. Dirksen Parkway
Springfield, IL 62723-1000

Taxman Pollock Murray & Bekkerman
225 West Wacker Drive
Suite 1750
Chicago, IL 60606-1332

List of 20 largest unsecured creditors:

Ally Financial
Attn: Bankruptcy
Po Box 380901
Bloomington, MN 55438-0901

Ally Financial
P.O. Box 380901
Bloomington, MN 55438-0901

ATG Credit
1700 W Cortland St
Chicago, IL 60622-1131

ATG Credit
Attn: Bankruptcy
1700 West Cortland Street Ste 201
Chicago, IL 60622-1166

CCI/Contract Callers Inc
501 Green St
Augusta, GA 30901-4415

CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901-4415

4

(p)Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

Illinois Tollway
Local L Violations Processing Center
POB 5544
Chicago, IL 60680-5491

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Lu Shan
c/o Olivia Cheng
828 W. 31st Street, #C4
Chicago, IL 60608-5879

Marquette Bank
615 W. 31st St
Chicago IL 60616-3022

Southwest Credit Systems
4120 International Parkway
Carrollton, TX 75007-1958

Southwest Credit Systems
4120 International Parkway
Suite 1100
Carrollton, TX 75007-1958

US Bank/RMS CC
Attn: Bankruptcy
PO Box 5229
Cincinnati, OH 45201

(p)US Bank
PO Box 5229
Cincinnati, OH 45201-5229

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 20-04886 |
| Aldo Mandile, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | Courtroom 613 |

**MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 361, 507(b), 554 AND 725 AND FED. R. BANKR. P. 6007, COMPELLING PAYMENT OF ADEQUATE PROTECTION AND ABANDONMENT OF PROPERTY**

R.V.M. LLC 3201 ("RVM"), by and through its counsel, BAUCH & MICHAELS, LLC d/b/a LAKELAW, hereby moves this Court for entry of an Order, pursuant to 11 U.S.C. §§ 361, 507(b), 554 and 725 and Fed. R. Bankr. P. 6007, compelling payment of adequate protection and compelling abandonment or disposition of the 3201 South Normal, Chicago, Illinois (the "Property"):

### JURISDICTION, VENUE & PROCEDURAL HISTORY

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1339. Venue is proper pursuant to 18 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On February 22, 2020, (the "Petition Date"), the Debtor, an individual, filed a voluntary petition for relief Court under Chapter 11 of Title 11 of the United States Bankruptcy Code, as amended, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3. On June 12, 2020, the Court converted the case to a Chapter 7 liquidation case, and the United States Trustee appointed Deborah Kanner Ebner as trustee (the "Trustee").

6

4. The statutory basis for the relief requested herein is sections 361, 507(b), 544 and 725 of title 11 of the Bankruptcy Code and Fed. R. Bankr. P. 6007.

## I. BACKGROUND

5. The estate owns the Property, which is a mixed use commercial and residential property. First Base, Inc., an Illinois corporation that is wholly owned by the estate, has occupied the commercial space of the Property.

6. On December 1, 2016, the Debtor executed and delivered a promissory note (the "Note") in the amount of $300,000 and a mortgage (the "Mortgage") securing the same to RVM. On December 1, 2016, RVM recorded the Mortgage with the Cook County, Illinois Recorder of Deeds as Document No. 1633616072.

7. On November 1, 2017, the Debtor defaulted on payments under the Note and under other covenants of the Mortgage, including in particular the obligation to pay real estate taxes and maintain the Property in good repair and condition.

8. On March 19, 2018, RVM filed an action to foreclose the Mortgage in the Circuit Court of Cook County, Illinois. *RVM, LLC v. Mandile, et al.*, 2018 CH 03577 (the "Foreclosure Action").

9. On February 11, 2020, the Circuit Court entered an Order Granting Summary Judgement and a Judgment of Foreclosure and Sale in favor of RVM that liquidated the amount of the debt and authorized the public sale of the Property. The Debtor filed his petition under Chapter 11 shortly thereafter.

10. On March 19, 2020, RVM filed its Motion to Prohibit Use of Cash Collateral and for Adequate Protection. [ECF No. 17]. On April 9, 2020, this Court entered its interim order compelling the Debtor to provide adequate protection to

RVM by paying the first installment of the 2019 real estate taxes in the amount of $7,493.49 and reserving for future determination whether RVM was entitled to additional adequate protection (the "Adequate Protection Order") [ECF No. 23]. The Debtor failed to comply with the Adequate Protection Order. The real estate taxes have not been paid with respect to the Property, and real estate taxes have continued to accrue such that the value of RVM's interest in the Property has been diminished during the continuation of the stay.

11.    In addition to the Mortgage, the Property is subject to a lien for the 2019 real estates, the first and second installment of which are payable; a lien for the 2020 real estate taxes that are not yet due and payable; a tax lien in favor of the United States; a tax lien in favor of the State of Illinois; and a "mechanics lien," which may in substance be an equitable mortgage, in favor of certain of the Debtor's insiders. The Trustee has estimated the total encumbrances on the Property are approximately $488,000 and has advised RVM that she will not oppose abandonment of the Property, because of, *inter alia*, the condition of the Property and her determination that any sale would not (in her estimate) generate proceeds in excess of the liens against the Property.

## II. ARGUMENT

A. The Trustee Must Comply with the Adequate Protection Order and Provide RVM Adequate Protection of Its Interest in the Property.

12.    The Court must order the Trustee to comply with the estate's obligations under the Adequate Protection Order and to pay RVM an additional amount equal to all real estate taxes that have accrued against the Property until abandonment or

8

disposition becomes effective. The non-payment of real estate taxes has diminished the value of RVM's interest in the Property, because the real estate taxes have priority over RVM's interest in the Property. Section 507(b) provides that where a creditor requests adequate protection of its interest in estate property and such adequate protection fails, the creditor is entitled to a super priority claim. *Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274 (5th Cir. 2010). Moreover, the Adequate Protection Order is binding on the estate, and the Trustee must comply with it. *See, e.g., Terlecky v. Peoples Bank (In re Amerigraph, LLC)*, 456 B.R. 349 (Bankr. S.D. Ohio 2011). Finally, RVM is entitled to additional adequate protection equal to the accrued real estate taxes that have and will accrue to until the abandonment and disposition become effective. *In re 666 Assocs./Streeterville Util. Co.*, 65 B.R. 819 (N.D. Ill. 1986) (Failure to pay real estate taxes results in a lack of adequate protection of creditor's interest).

B. <u>The Trustee should be Compelled to Abandon or Dispose of the Property.</u>

13. This case was commenced and continued on the representation that there was value in the Property to pay all of the secured claims, including certain claims of governmental authorities that would otherwise be entitled to priority over general unsecured creditors. The Trustee has determined that insufficient value in the Property exists to justify the expense of offering it for sale. Thus, the Trustee has determined that the Property is of inconsequential value to the estate and should be abandoned or otherwise be disposed of pursuant to Sections 554 and 725 by surrendering it to the parties with interests in the Property. *In re Engman*, 395 B.R.

9

610 (Bankr. W.D. Mich. 2008). Similarly, the cash collateral in RVM's possession should be abandoned or disposed.

        **WHEREFORE**, RVM respectfully requests the entry of an order:

1. Ordering the Trustee to discharge the estate's obligations under the Adequate Protection Order by paying in full the first installment of the 2019 real estate taxes;

2. Ordering the Trustee to provide adequate protection of RVM's interest in the Property by paying the second installment of 2019 real estate taxes and paying RVM an amount equal to all 2020 real estate taxes that have accrued against the Property to the date that it is abandoned or otherwise disposed of by the estate;

3. Ordering that the Property and any cash collateral in RVM's possession be deemed abandoned or disposed of by surrendering it to RVM;

4. Authorizing RVM to proceed with the sale of the Property pursuant to its Judgment of Foreclosure and Sale; and

5. Ordering such other relief as is appropriate to authorize RVM to enforce its interests in the Property and cash collateral.

Dated: August 7, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　R.V.M. LLC

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Paul M. Bauch
　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC D/B/A LAKELAW
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Fax: (312) 427-5709
pbauch@lakelaw.com