"IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 20-04886 |
| Aldo Mandile, | ) | |
| | ) | Hon. Deborah L. Thorne |
| Debtor. | ) | Courtroom 613 |

## OBJECTION TO TRUSTEE'S FINAL REPORT

R.V.M. LLC 3201 ("RVM"), by and through its counsel, BAUCH & MICHAELS, LLC., hereby objects to the Trustee's final report (the "Report") [ECF No. 83 & 86]:

### I. JURISDICTION, VENUE & PROCEDURAL HISTORY

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1339. Venue is proper pursuant to 18 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On February 22, 2020, (the "Petition Date"), the Debtor, an individual, filed a voluntary petition for relief Court under Chapter 11 of Title 11 of the United States Bankruptcy Code, as amended, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3. On June 12, 2020, upon RVM's motion, the Court converted the case to a Chapter 7 liquidation case, and the United States Trustee appointed Deborah Kanner Ebner as trustee (the "Trustee").

4. The statutory basis for the relief requested herein is sections 361, 507(b), 544 and 725 of title 11 of the Bankruptcy Code and Fed. R. Bankr. P. 6007.

1

## II. BACKGROUND

5.    The primary asset of the estate was 3201 South Normal, Chicago, Illinois (the "Property"), a mixed use commercial and residential property. First Base, Inc., an Illinois corporation that is wholly owned by the estate, operated a tavern in the commercial space of the Property for many years prior to filing of the bankruptcy case.

6.    On December 1, 2016, the Debtor executed and delivered a promissory note (the "Note") in the amount of $300,000 and a mortgage (the "Mortgage") securing the same to RVM. On December 1, 2016, RVM recorded the Mortgage with the Cook County, Illinois Recorder of Deeds as Document No. 1633616072.

7.    On November 1, 2017, the Debtor defaulted on payments under the Note and under other covenants of the Mortgage, including the obligation to pay real estate taxes and maintain the Property in good repair and condition.

8.    On March 19, 2018, RVM filed an action to foreclose the Mortgage in the Circuit Court of Cook County, Illinois (the "Circuit Court") as *RVM, LLC v. Mandile, et al.*, 2018 CH 03577 (the "Foreclosure Action").

9.    On February 11, 2020, the Circuit Court entered an Order Granting Summary Judgment and a Judgment of Foreclosure and Sale in favor of RVM that liquidated the amount of the debt and authorized the public sale of the Property.

10.    Shortly after the entry of the Judgment, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code for the express purpose of reopening the tavern and refinancing the secured claims against the Property. The filing of the petition effectively stayed RVM from proceeding to a foreclosure sale for over one

year, during which time real estate taxes accrued and went unpaid, and the Property physically deteriorated.

11. On March 2, 2020, the Debtor filed his Schedules, which listed the Property as the estate's primary asset and valued the Property at $595,000 based on an appraisal [ECF No. 8].

12. The outbreak of the COVID-19 pandemic effectively thwarted any chance of the Debtor's reopening the tavern and any reasonable prospect of a reorganization in a reasonable time.

13. On March 19, 2020, RVM filed its Motion to Prohibit Use of Cash Collateral and for Adequate Protection [ECF No. 17]. On April 9, 2020, this Court entered its interim order compelling the Debtor to provide adequate protection to RVM by paying the first installment of the 2019 real estate taxes in the amount of $7,493.49 and reserving for future determination whether RVM was entitled to additional adequate protection (the "Adequate Protection Order") [ECF No. 23]. The Debtor failed to comply with the Adequate Protection Order by, *inter alia*, failing to pay the real estate taxes. Moreover, the Debtor and the Trustee failed to pay the second installment of the 2019 real estate taxes and the 2020 real estate taxes continued to accrue against the Property. In addition, the Debtor failed to maintain and repair the Property to the extent that all but two of the units became uninhabitable. Thus, the value of RVM's interest in the Property diminished during the continuation of the stay.

14. On May 19, 2020, RVM filed its Motion to convert the Chapter 11 case to Chapter 7 based in large part upon the Debtor's failure to comply with the Adequate Protection Order [ECF No. 35].

15. On June 11, 2020, the Court entered its order converting the case and the Trustee was appointed [ECF No. 39].

16. RVM consulted with and provided information to the Trustee regarding the amount and location of other assets of the estate, toured the Property with the Trustee, and provided information on the Property to the Trustee.

17. On July17, 2020, the Trustee filed an Individual Estate Property Record and Report, which listed the Property as having a Net Value of $12,000 [ECF No. 51]. Shortly thereafter, the Trustee advised RVM that she had determined not to administer and not to offer the Property for sale. The Trustee did not, seek to abandon the Property.

18. On August 7, 2020, RVM filed its Motion for Entry of an Order, Pursuant to 11 U.S.C. §§ 361, 507(b), 554 and 725 and Fed. R. Bankr. P. 6007, Compelling Payment of Adequate Protection Relating to 3201 South Normal, Chicago, Illinois (the "Property") and Compelling Abandonment or Disposition of the Property [ECF No. 57] This Motion sought to compel the Trustee to pay the amounts due under the Adequate Protection Order and additional adequate protection because of the diminution in value to RVM's interest resulting from the imposition and continuation of the stay. The Motion also sought to compel the abandonment or disposition of the Property so that RVM could proceed to sale under the Judgment.

4

19. On September 11, 2020, this Court entered it Order granting in part the Motion [ECF No. 70]. The Order authorized the abandonment and disposition of the Property so that RVM could proceed to sale and confirmation of sale under its Judgment. The Order reserved the issue of whether RVM was entitled to the payment under the Adequate Protection Order, payment of the additional adequate protection, and abandonment of the estate's interest in cash collateral in its possession. The Motion was continued for hearing until December 17, 2020, with the expectation that the RVM would have proceeded to sale on the Judgment.

20. Immediately after the entry of the Order, RVM scheduled a foreclosure sale of the Property for October 26, 2020 (shortly after the Circuit Court of Cook County's existing moratorium on foreclosure sales was set to expire).

21. On October 14, 2020, the Debtor filed his final report and account of the Chapter 11 case, which listed, inter alia, RVM as being owed $7,493.49 for unpaid postpetition expenses under the Adequate Protection Order [ECF No. 77].

22. Shortly before the scheduled foreclosure sale, the Circuit Court imposed an indefinite stay of foreclosures sales, which necessitated the continuance of the sale.

23. On December 3, 2020, RVM filed in the Circuit Court a motion for an order to show cause why the Debtor should not be held in contempt and for relief from the moratorium order for the sale of the Property could proceed. After an initial hearing, the Circuit Court issued a rule to show cause against the Debtor, which was set for hearing on February 19, 2020. In the interim period, RVM negotiated a settlement with the Debtor which resolves the rule to show cause and authorizes the

sale to proceed. On February 5, 2021, the Circuit Court approved the settlement and authorized the sale. RVM has scheduled a sale for April 12, 2021. (Because of the delay occasioned by the moratorium, RVM was required to republish its notice of sale.) Thus, RVM may confirm the sale by mid to late April 2021. In the interim, RVM and the Debtor, were actively marketing the Property. Although no formal offers for the Property have been received, the preliminary indications are that RVM is unlikely to recover the full amount of its prepetition claim from the sale of the Property. Thus, RVM may have substantial unsecured administrative and general unsecured claims against the estate for which it is entitled to payment according to the relative priorities of the claims.

24. On February 25, 2021, the Court denied RVM's motion for adequate protection without prejudice to its filing of a motion for payment of administrative expenses [ECF No. 82].

25. The filing of the bankruptcy case and the delay occasioned by the automatic stay substantially diminished the value of RVM's interest in the Property. The bankruptcy effectively delayed RVM's sale of the Property for over one year. At least $15,000 of real estate taxes that became due and payable during the case were not paid, and a year of additional real estate taxes accrued against the Property while RVM was stayed from enforcing its judgment. In addition, RVM has been required to make substantial repairs to the Property because of the deterioration of the Property during the period of the stay. Thus, RVM has an administrative expense claim for the

unpaid real estate taxes, the accrued real estate taxes, and the diminution in value as a result of the estate failure to maintain and repair the Property during the case.

### III. ARGUMENT

**A. The Trustee Must Pay the Amounts Due under the Adequate Protection Order as a Superpriority Administrative Expense and an Amount Equal to the Diminution in Value of RVM's interest in the Property as a Result of the Estate's Failure to Provide for Accruing Real Estate Taxes and Failure to Maintain the Property During the Continuation of the Stay.**

26. RVM has sought adequate protection of its interest in the Property, early and often. The Court must order the Trustee to comply with the estate's obligations under the Adequate Protection Order (s*ee, e.g., Terlecky v. Peoples Bank (In re Amerigraph, LLC)*, 456 B.R. 349 (Bankr. S.D. Ohio 2011)); pay RVM additional amounts equal to the unpaid installments of real estate taxes; and pay the amount of the real estate taxes that accrued against the Property until abandonment of the Property became effective. The non-payment of real estate taxes has diminished the value of RVM's interest in the Property, because the real estate taxes have priority over RVM's interest in the Property. *In re 666 Assocs./Streeterville Util. Co.*, 65 B.R. 819 (N.D. Ill. 1986) (failure to pay real estate taxes results in a lack of adequate protection of creditor's interest). Similarly, the failure to maintain and repair the Property resulted in a diminution in value and a corresponding failure of adequate protection. Section 507(b) provides that where a creditor requests adequate protection of its interest in estate property and such adequate protection fails the creditor is entitled to a super priority claim. *Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274 (5th Cir. 2010). Since RVM sought adequate protection of its

interest from the inception of the case, it must be awarded and paid an amount equal to the diminution in value of its interest on a superiority basis.

27. The Court must also order the Trustee to pay RVM the amounts due under the Adequate Protection Order, which is binding on the estate. Finally, RVM is entitled to additional adequate protection equal to the unpaid installments of real estate taxes and the accrued real estate taxes that have and will accrue to until the abandonment and disposition become effective.

### B. RVM is Entitled to Payment of an Administrative Expense for Making a Substantial Contribution to the Chapter 11 and Chapter 7 Cases.

28. The Chapter 11 case was commenced and continued pursuant to the representation that there was value in the Property to pay all the secured claims, including certain claims of governmental authorities that would otherwise be entitled to priority over general unsecured creditors. Once COVID-19 emerged and the prospect of the Debtor reopening his sports bar on the Property was fatally compromised, the reorganization was over.

29. RVM moved to convert the case, which effectively prevented the Debtor from dissipating the other assets of the estate. RVM's actions benefited the estate by preserving a fund for the benefit of the estate. A creditor's efforts in preserving the estate, constitutes a substantial contribution to the case. *In re Javed,* 592 B.R. 615 (Bankr. D. Md. 2018); *In re United Container LLC*, 305 B.R. 120 (Bankr. M.D. Fla. 2003). RVM is entitled to payment of its attorney's fees and expense incurred in converting the case and assisting the Trustee in securing the assets for the benefit of the estate.

**WHEREFORE**, RVM respectfully requests the entry of an order:

1. Ordering the Trustee to discharge the estate's obligations under the Adequate Protection Order by paying RVM an amount equal to the first installment of the 2019 real estate taxes;

2. Ordering the Trustee to pay RVM's administrative claim in the amount of the second installment of 2019 real estate taxes and an amount equal to all 2020 real estate taxes that have accrued against the Property to the date that it was abandoned or otherwise disposed of by the estate;

3. Ordering the Trustee to pay RVM's administrative claim in an amount equal to the diminution in value, measured by the costs of repair, resulting from the Debtor's failure to maintain and repair the Property;

4. Ordering the Trustee to pay RVM's administrative claim in an amount equal to the attorney's fees and costs it incurred in making a substantial contribution to the case; and,

5. Ordering such other relief as is appropriate.

Dated: March 9, 2021                    Respectfully submitted,

                                        R.V.M. LLC

                                        By: /s/ Paul M. Bauch
                                        One of Its Attorneys

Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Fax: (312) 427-5709
pbauch@bmlawllc.com
csales@bmlawllc.com

9